Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

# CIVIL APPEAL STATEMENT

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: 26-13429-G

Caption:
Dane Butzer v. Hypersphere Technologies, Inc., et al

District and Division: Northern District of Georgia, Atlanta Division
Name of Judge: Hon. J. P. Boulee
Nature of Suit: Copyright infringement

Date Complaint Filed: June 18, 2025
District Court Docket Number: 1:25-cv-05736

Date Notice of Appeal Filed: September 23, 2026
☐ Cross Appeal ☐ Class Action

Has this matter previously been before this court?
☐ Yes ☑ No
If Yes, provide
(a) Caption: ____
(b) Citation: ____
(c) Docket Number: ____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | John M. Skeriotis<br>Sergey Vernyuk | Emerson, Thomson & Bennett, LLC<br>1914 Akron-Peninsula Road<br>Akron, OH 44313 | Phone: 330-434-9999<br>Fax: 330-434-8888<br>Email:<br>jms@etblaw.com<br>sv@etblaw.com |
| For Appellee:<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Steven M. Kushner<br>Erich S. Ritter | Fellows LaBriola LLP<br>233 Peachtree St NE<br>Suite 2400<br>Atlanta, GA 30303 | Phone: 404-586-2041<br>Fax: 404-586-9201<br>Email:<br>skushner@fellab.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br>☐ Diversity<br>☐ US Plaintiff<br>☐ US Defendant | ☑ Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☑ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☐ Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>☐ Other ____ | Amount Sought by Plaintiff: $____<br>Amount Sought by Defendant: $____<br>Awarded: $____ to ____<br>Injunctions:<br>☐ TRO<br>☐ Preliminary ☐ Granted<br>☐ Permanent ☐ Denied |

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression? ☐ Yes ☑ No
What is the issue you claim is one of First Impression? ____

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute? ☐ Yes ☑ No

If Yes, provide
(a) Case Name/Statute ____
(b) Citation ____
(c) Docket Number if unreported ____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
(a) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
(b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal? ☐ Yes ☑ No

If Yes, provide
(a) Case Name ____
(b) Citation ____
(c) Docket Number if unreported ____
(d) Court or Agency ____

(4) Will this appeal involve a conflict of law
(a) Within the Eleventh Circuit? ☐ Yes ☑ No
(b) Among circuits? ☐ Yes ☑ No

If Yes, explain briefly:

This appeal would not resolve any intra-circuit conflict because the order on appeal did not turn on the question Appellant identifies. Even on Appellant's framing, post-judgment amendment is available only if the plaintiff first obtains relief from the judgment under Rule 59(e) or 60(b)—the same standard the district court applied.

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

Appellees object to Appellant's characterization of the issues:

a. The Complaint is "devoid of any facts that would plausibly establish any entitlement to relief" (Doc. 33 at 6);
b. Appellant never sought leave to amend in the seven months the motion to dismiss was pending, and the court had no duty to grant leave *sua sponte*;
c. Amendment is futile because the Complaint is devoid of any facts that would plausibly establish relief;
d. Dismissal with prejudice was proper because no amendment could overcome the obstacles to Appellant's recovery; and
e. Appellant's reservation of "[p]otentially other issues to be identified during briefing" is improper under 11th Cir. R. 33-1(a).

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 14th DAY OF October, 2026.

Steven M. Kushner
NAME OF COUNSEL (Print)

s/Steven M. Kushner
SIGNATURE OF COUNSEL